# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CIVIL ACTION NO. 18-16-DLB**

**ROBERT BINDER**                                                      **PLAINTIFF**

**v.**                       **MEMORANDUM OPINION & ORDER**

**NANCY A. BERRYHILL, Acting Commissioner**
**of the Social Security Administration**                           **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's eligibility for Social Security disability insurance benefits. (Doc. # 1). The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will **affirm** the Commissioner's decision.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Robert Binder protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on September 10, 2011. (Doc. # 9 at 1; Tr. 264-79). Binder also protectively filed a Title XVI application for supplemental security income. (Tr. 264-79). Binder was forty-four years old at the time of filing, and alleged that he was unable to work due to problems with his back, as well as diabetes, high blood pressure, high cholesterol, and depression. (Tr. 134). The claims were denied initially on July 17, 2014, and again upon reconsideration on November 6, 2014. (Tr. 184-191, 192-195, 198-204, 205-211).

At Binder's request, an administrative hearing was conducted on October 12, 2016, before Administrative Law Judge (ALJ) Christopher S. Tindale. (Tr. 104-133). On December 7, 2016, ALJ Tindale issued his decision. (Tr. 14-29). The ALJ noted that Binder was "insured through September 30, 2011." (Tr. 14). He found, however, that Binder's impairments did not become disabling until November 12, 2014; accordingly, the ALJ ruled that Binder was not under a disability within the meaning of the Social Security Act at any time through September 30, 2011—the last date that Binder met the insured status requirements of the Social Security Act. *Id.* at 14. The ALJ's decision became the final decision of the Commissioner on November 29, 2017, when the Appeals Council denied Binder's request for review. (Tr. 1-6).

Binder filed the instant action on January 18, 2018, alleging the ALJ's decision was "not supported by substantial evidence," and was "erroneous." (Doc. # 1 at 1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 9 and 11).

## II. DISCUSSION

### A. Overview of the Process

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant can still perform substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his or her past relevant work; and Step Five, whether a significant number of jobs exist in the national economy that a claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. §

404.1520). The burden of proof rests with the Plaintiff on the first four steps. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). As to the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *Id.* The ALJ's decision is considered the "final decision" of the Commissioner, and, after a denial of a plaintiff's request for review of the ALJ's decision by the Social Security Administration's Appeals Council, gives rise to judicial review under 42 U.S.C. § 405(g). *See Thacker v. Berryhill*, No. 16-CV-114, 2017 WL 653546, at *1 (E.D. Ky. Feb. 16, 2017).

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Pursuant to this standard, courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision so long as it is supported by substantial evidence—even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

## B. The ALJ's Determination

As an initial matter, the ALJ determined that Binder met the insured status requirements of the Social Security Act through September 30, 2011. (Tr. 16). The ALJ then proceeded to the five-step sequential evaluation process to determine whether Binder was disabled during the relevant time period. At Step One, the ALJ found that Binder had not engaged in substantial gainful activity since September 10, 2011, the alleged onset date of disability. *Id.* At Step Two, the ALJ determined that Binder had the following severe impairments: (1) disorders of the spine; (2) diabetes mellitus; (3) obstructive sleep apnea; (4) chronic heart failure; (5) coronary artery disease; (6) mood disorder; and (7) anxiety disorder. *Id.* At Step Three, the ALJ concluded that Binder did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 19.

At Step Four, the ALJ found that, prior to November 12, 2014, Binder possessed the residual functional capacity (RFC) to perform a reduced range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 404.967(a), with the following limitations:

> [Binder] could have occasionally climbed ramps and stairs, but never have climbed ladders, ropes or scaffolds. He could have occasional[ly] stooped, kneeled, crouched and crawled. He was limited to simple, routine tasks consistent with unskilled work in a work environment free of fast production rate or pace work. He could have had occasional contact with the public and frequent contact with co-workers and supervisors. He must have worked in a low-stress environment defined as having only occasional changes in the work setting and only occasional decision making required.

(Tr. 20). Based upon this RFC and relying on the testimony of a vocational expert (VE), *see id.* at 129, the ALJ concluded that Binder was unable to perform his past relevant work as a freight conductor or cargo plane loader/unloader. *Id.* at 26-27. Therefore, the ALJ proceeded to Step Five. At Step Five, the ALJ found that no jobs existed in the

4

national economy that Binder could perform after November 12, 2014. *Id.* at 27-28. However, as to the relevant time period, the ALJ determined that other jobs did exist in significant numbers in the national economy that Binder could have performed prior to November 12, 2014. *Id.* at 27-28. Thus, the ALJ found that Binder's impairments became disabling on November 12, 2014, but prior to that date, Binder was not under a disability, as defined in the Social Security Act. *Id.* at 28-29.

C. **Analysis**

Binder's Motion for Summary Judgment raises four central arguments in support of his conclusion that the ALJ's decision was erroneous and not supported by substantial evidence. (Doc. # 9). First, Binder argues that the ALJ did not apply the proper weight to the opinions of Jeffery L. Stambough, M.D., M.B.A., or Jaideep Chunduri, M.D., two of his treating orthopedic surgeons; specifically, Binder asserts that the ALJ failed to properly consider and apply the evidence set forth in his treating physicians' clinical notes "as a whole," and merely "cherry-picked" language in the records to support a finding that Binder was not disabled. *Id.* at 2-10. Second, Binder argues that the ALJ erred at Step Three of the sequential evaluation process by finding that Binder's impairments did not meet the standard for a per se disabling impairment pursuant to Listing 1.04, *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. (Doc. # 9 at 10-13). Third, Binder argues that the ALJ did not "properly mention, consider or address" the functional capacity evaluation (FCE) completed by treating physical therapist Karen Scholl. *Id.* at 13-14. Finally, Binder argues that the ALJ failed to properly consider and apply the treating opinions of his treating psychiatrist, Gene VanLeeuwen, M.D. *Id.* at 14-15. The Court will address each argument in turn.

5

### 1. The ALJ properly considered the opinions of Binder's treating physicians, Dr. Stambough and Dr. Chunduri.

Binder asserts that the ALJ's decision was not supported by substantial evidence because the ALJ failed to give "any weight" to the evidence set forth in the clinical notes of his treating orthopedic surgeons, Dr. Stambough and Dr. Chunduri. Specifically, Binder contends that the ALJ's opinion merely "cherry-picked" evidence and "failed to provide the required meaningful detailed analysis in Mr. Binder's RFC equation which includes proper application of the 'whole' treating source evidence." (Doc. # 9 at 2-3).

The ALJ must make all determinations based upon the record in its entirety. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007). When constructing a claimant's RFC, the ALJ must take into account all relevant medical and other evidence. 20 C.F.R. § 404.945(3). Assessing the record as a whole "helps to ensure that the focus in evaluating an application does not unduly concentrate on one single aspect of the claimant's history, if that one aspect does not reasonably portray the reality of the claimant's circumstances." *Rogers*, 486 F.3d at 249. An allegation that the ALJ "cherry-picked" evidence to support his or her RFC finding, like the one presented by Plaintiff, "is seldom successful," however, "because crediting it would require a court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014). That is not the role of this Court. "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, [courts] do not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the ALJ examined the record as a whole and the ALJ's decision is supported by substantial evidence, then this Court must affirm the ALJ's decision, even if the Court might have decided the case differently. *Listenbee*, 846 F.2d

at 349.

Here, the ALJ's decision is supported by substantial evidence, because the ALJ considered the entire record, including the treatment notes and medical source opinions, and reasonably found that Plaintiff was limited by his back impairment and depression, but not disabled by them, prior to November 12, 2014. Binder argues that the ALJ's decision was not supported by substantial evidence because it failed to fully consider Dr. Stambough's treatment records, namely, portions of the records that indicate Binder was unable to work during the relevant time period. The treatment records do show that Dr. Stambough made several statements opining on Binder's ability to work; for instance, in February 2012, Dr. Stambough notes that Binder was "not likely to be able to go back to the duty *at the railroad*." (Tr. 434) (emphasis added). *See also* (Tr. 437, 439, 464-65, 2109-2111). Binder seeks to characterize these statements as proof that he was permanently unable to work at all. (Doc. # 9 at 3-5). However, Binder's claim that he is entitled to relief on this basis fails.

The record notations cited by Binder's dispositive motion stop short of indicating that Dr. Stambough opined Binder was *permanently* unable to work *any* job. Rather, the notations were in line with the ALJ's finding that Binder could never return to his past work (Tr. 26), but could perform the minimal demands of sedentary work from September 2011 through November 2014 (Tr. 20). Notations in Dr. Stambough's treatment records over the course of Binder's treatment generally indicate that Binder could not return to his past work and was *temporarily* unable to work—but that Binder could return to *less strenuous work* by January 1, 2013.[1] *See* (Tr. 439).

---

[1] Here, any temporary inability to work does not satisfy the twelve-month durational requirement pursuant to 20 C.F.R. § 404.1509. *See Barnhart v. Walton*, 535 U.S. 212, 219, 221-22 (2002).

7

Even if Dr. Stambough had opined that Binder was completely unable to work, the ALJ was not required to give controlling weight to Dr. Stambough's opinion because it constituted an ultimate conclusion, not a medical opinion. It is well-settled that an administrative law judge, in assessing medical evidence in a disability case, is required to give greater weight to the opinions of a treating physician than to those of non-treating physicians. *Dunlap v. Comm'r of Soc. Sec.*, 509 F. App'x 472, 474 (6th Cir. 2012) (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). This "treating physician rule," however, only applies to *medical* opinions. While a medical expert may opine "on issues such as whether [the claimant's] impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments," as well as the claimant's RFC or the application of vocational factors, such opinions are not entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2) (stating that "the final responsibility for deciding these issues is reserved to the Commissioner"). The Sixth Circuit has held that a treating physician's conclusion that a claimant is "unable to work"—the precise statement at issue here—does not constitute a "medical opinion" under agency regulations. *See Dunlap*, 509 F. App'x at 474-76. *See also Noto v. Comm'r of Soc. Sec.*, 632 F. App'x 243, 246 n.1 (6th Cir. 2015) (finding that a doctor's note that did not "reflect a judgment about the nature and severity of the claimant's impairments" did not fall within the scope of a "medical opinion."). Dr. Stambough's notations that Binder was "unable to work" therefore did not constitute a "medical opinion," and Dr. Stambough's opinion was not entitled to controlling weight.

The only medical opinion cited by Binder that went to his functional abilities was the February 2012 notation indicating that Binder should be able to work in three to six

8

months and that he could lift up to 30 pounds, could lift 10 pounds frequently, and should avoid repetitive bending, lifting, and twisting. (Tr. 434). The ALJ's assessed RFC was more deferential to Binder than Dr. Stambough's, limiting Binder to lifting no more than 10 pounds and only occasionally climbing ramps and stairs, stooping, kneeling, crouching, or crawling. (Tr. 20).

Binder also points to other evidence in Dr. Stambough's treatment records, such as the January 3, 2012 MRI scan indicating, *inter alia*, disc protrusions at L3-S1 causing stenosis narrowing and abutment of L4-S1 nerve roots, and notes that "[t]he ALJ fails to address or make any mention of these critical treating surgeon findings." (Doc. # 9 at 3) (citing Tr. 443). However, "an ALJ is not required to explicitly discuss every piece of evidence." *Spencer ex rel. S.J. v. Comm'r of Soc. Sec.*, 1:13-CV-107, 2014 WL 1302610, at *1 (S.D. Ohio Mar. 31, 2014) (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006)). "While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party," particularly where—as here—the record spans thousands of pages. *Kornecky*, 167 F. App'x at 507.

Similarly, Dr. Chunduri's treatment notes also provide conclusory statements that Binder was temporarily unable to work. "[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). Dr. Chunduri's notes do not supply any significant, specific examples of discordance between the opinion of Dr. Chunduri and the ALJ's assessment limiting Binder to a range of sedentary work

9

during the relevant time period. (Tr. 522, 534, 539-40, 547, 560).

With regard to the ALJ's finding that Binder was limited to a range of simple work, the ALJ considered the entire record, including the treatment notes and medical source opinions, and reasonably found that Binder was limited by his back impairment and depression, but not disabled by them prior to November 12, 2014. The ALJ acknowledged Binder's history of frequent treatment for his back pain between late 2011 and 2013, noting that Binder at certain points was walking well and improving but that his back pain was ongoing and required three surgeries during this time period. (Tr. 22-23). Taking Binder's pain into account, the ALJ limited Binder to a reduced range of sedentary work from September 2011 through November 2014. (Tr. 20).

By merely pointing to general medical evidence in the record, Binder in essence is just requesting that the Court re-weigh the evidence. This is improper. It does not matter if substantial evidence does support a plaintiff's disability, so long as substantial evidence also supports a finding of "not disabled." *Her*, 203 F.3d at 389-90 (holding that "[e]ven if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the decision reached") (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also Listenbee*, 846 F.2d at 349. As a result, it does not matter if Binder, or even this Court, believes substantial evidence supports a different disability determination. While the ALJ weighed the evidence contrary to how Binder preferred, the ALJ did not fail to analyze the evidence in the whole record. *See Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 436 (6th Cir. 2013). Thus, the ALJ did not engage in any type of improper cherry-picking. Instead, he properly considered the record as a whole. Where, as here, the ALJ's decision is supported by substantial

evidence, the Court must affirm the decision. *Listenbee*, 846 F.2d at 349.

### 2. *The ALJ did not err when he found that Binder failed to meet the requisite impairments set forth in Listing 1.04.*

Binder next asserts that the ALJ erred by finding that Binder did not have a per se disabling impairment at Step Three of the sequential evaluation process. Specifically, Binder challenges the ALJ's finding that there was no evidence of consistent nerve root compression to support Listing 1.04, as set forth in 20 C.F.R. part 404, subpart P, appendix 1.

Pointing primarily to various medical records, Binder asserts that the ALJ erred because the records show that his back problems were severe and that he "suffered an acute traumatic spinal cord injury." (Doc. # 9 at 11-13). Binder seeks to undercut the evidence relied upon by the ALJ, claiming that the ALJ's finding was based upon records from two office visits that were "cherry pick[ed] . . . to suggest Mr. Binder's low back improved after his [first] surgery in January 2012" rather than considering the record as a whole. (Doc. # 9 at 13). As set forth *supra*, however, an allegation that the ALJ "cherry-picked" evidence to support his or her RFC finding "is seldom successful . . . because crediting it would require a court to re-weigh record evidence." *DeLong*, 748 F.3d at 726. The Court's role here is to decide whether substantial evidence supports the ALJ's decision, not to "try the case de novo, resolve conflicts in the evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509. If the ALJ examined the record as a whole and the ALJ's decision is supported by substantial evidence, then this Court must affirm the ALJ's decision, even if the Court might have decided the case differently. *Listenbee*, 846 F.2d at 349.

Here, the ALJ examined the record as a whole and his decision is supported by substantial evidence. The ALJ considered Listing 1.04, but found that Binder's impairment did not meet all of the specified medical criteria. For a claimant to show that his impairment matches a listing, "it must meet *all* of the specified medical criteria" and "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Hicks v. Comm'r of Soc. Sec.*, 105 F. App'x 757, 761 (6th Cir. 2004) (citing *Sullivan v. Zeblev*, 493 U.S. 521, 530 (1990) (emphasis in original)). The Listing requires that disorders of the spine resulting in compromise of a nerve root or the spinal cord show evidence of "[1] nerve root compression characterized by neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss . . . accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test." 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

The ALJ found that Binder's impairment met some, but did not meet all, of the specified medical criteria because there was not "evidence of [1] consistent nerve root compression or the requisite neurological defects." (Tr. 19). Pointing to evidence in the record, the ALJ noted that Binder improved somewhat following his January 2012 surgery, and that March 2012 records showed his leg pain had abated, he had no weakness or sensory changes in his left foot, and his reflex, sensation, and motor strength were equal. (Tr. 19, 435). By May 2012, Binder was walking better, his gait was unimpaired, straight leg raises were negative, and there was no sensory loss or neurological deformity. (Tr. 19, 438). And in April 2013, Binder could stand and walk on his toes and heels without weakness, walked without a limp, and had full strength. (Tr. 19, 557). By merely pointing to other evidence in the record relating to the severity of his

back issues, Binder fails to demonstrate that the ALJ erred and rather improperly invites the Court to re-weigh evidence.

Binder also asserts that the ALJ erred because he did not consider the opinion of Binder's treating physician, Dr. Burgher, with respect to Listing 1.04. (Doc. # 9 at 10). In support of this argument, Binder points to the March 29, 2016 "Treating Clinical Physician Statement" completed by Dr. Burgher; there, Dr. Burgher noted "yes" in response to whether Binder had a herniated disc "resulting in compromise of a nerve root or spinal cord" as well as "nerve root compression causing pain, limitation of spine motion, motor loss, and sensory or reflect loss (and for Lumbar must have Positive straight-leg raise test)." (Tr. 958-61). Burger's argument sidesteps the relevance of the time period at issue in this case. The ALJ found that Binder's impairments became disabling beginning on November 12, 2014, but that Binder was not disabled prior to 2014.

In light of this relevant timeline, it is important to note that Dr. Burgher's statement was generated in 2016—well past the date that was determined by the ALJ to be the onset of Binder's disability. Therefore, the ALJ did not err in questioning the probative value of Dr. Burgher's opinion, because it did not demonstrate that Binder met the listing during the relevant time period—between 2011 and 2014—and because Dr. Burgher did not treat Binder during this period. The ALJ therefore reasonably found that Dr. Burgher's opinion was "of limited value," because it was based upon evidence outside of the relevant time period. (Tr. 26). While the ALJ's stated reason "may be brief . . . [t]he ALJ fully satisfied agency procedural requirements by providing good reasons for discounting [the treating physician's] questionnaire responses, and therefore remand is not required for failure to do so." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 649-51 (6th Cir. 2009)

(upholding ALJ's rejection of treating physician opinion where the physician treated the claimant two years after the relevant time period).

In sum, the ALJ's decision is supported by substantial evidence, and the ALJ did not err in determining the application of Listing 1.04 to Binder's condition. Based upon evidence showing that there was not "consistent nerve root compression or the requisite neurological defects," the ALJ reasonably found that Binder did not satisfy all of the requirements of any part of Listing 1.04. (Tr. 19). While the evidence was weighed contrary to how Binder preferred, the ALJ did not fail to analyze the evidence in the record as a whole. *Minor*, 513 F. App'x at 436. By merely pointing to other medical evidence found in the record, Binder again essentially requests that the Court re-weigh the evidence. This is improper. Where, as here, the ALJ's decision is supported by substantial evidence, and the ALJ considered the record as a whole, the Court must affirm the decision. *Listenbee*, 846 F.2d at 349.

### 3. *The ALJ properly considered the FCE completed by Binder's treating physical therapist, Karen Scholl.*

Binder next asserts that the ALJ's decision was not supported by substantial evidence because the ALJ did not "properly mention, consider or address" the February 5, 2016 functional capacity evaluation (FCE) completed by treating physical therapist Karen Scholl, PT, and ordered by Dr. Burgher. (Doc. # 9 at 13-14; Tr. 953-57). Binder's argument again seeks to minimize the significance of the relevant time period at issue. Just like Dr. Burgher's opinion, the FCE was generated in 2016—well past the onset date of Binder's disability. Therefore, the ALJ did not err in questioning the probative value of the FCE, because it was not generated during the relevant time period—between 2011 and 2014—and because the physical therapist did not treat Binder during this period.

*Allen*, 561 F.3d at 649-51.  The ALJ reasonably found that the FCE was "of limited value," therefore, "in determining the claimant's capabilities prior to the established onset date," because it was based upon evidence outside of the relevant time period.  (Tr. 26).

Binder argues that the ALJ failed to acknowledge that the physical therapist reviewed medical records from the relevant period and that the FCE purported to relate back to this period.  (Doc. # 9 at 13-14).  However, the ALJ provided good reasons for deciding to only give "some weight" to the physical therapist's FCE.  (Tr. 26).  The ALJ reasoned that as a practical matter, "examination limitations would necessarily be impacted by the claimant's severe cardiac condition" that developed after the relevant time period; for example, "the claimant's ability to ambulate distances as well and (*sic*) lifting and carrying weight, would be impacted by both his spine and cardiac conditions."  (Tr. 26).  The ALJ concluded that "[i]t is this combination, particularly in light of his severely worsening cardiac condition, that disables the claimant as of the established onset date . . . [and] as such, this evaluation is of limited value in determining the claimant's capabilities prior to the established onset date."  *Id.*  Therefore, as with the discussion of Dr. Burgher's opinion, *supra*, here the ALJ "fully satisfied agency procedural requirements by providing good reasons" for the weight he gave the physical therapist's FCE, and remand on that basis is therefore improper.  *Allen*, 561 F.3d at 649-51.

### 4. *The ALJ properly considered the opinions of Binder's treating psychiatrist, Dr. VanLeeuwen.*

Finally, Binder asserts that the Commissioner's decision was not supported by substantial evidence because the ALJ failed to properly consider and apply the opinions of Binder's treating psychiatrist, Dr. VanLeeuwen.  Specifically, Binder asserts that the ALJ and the Appeals Council failed to acknowledge that Binder began psychiatric

treatment with Dr. VanLeeuwen in 1997; Binder claims that "[t]he ALJ gave only cursory boilerplate acknowledgement to Mr. Binder's 20+ year treatment history with Dr. VanLeeuwen."  (Doc. # 9 at 14).

The ALJ noted that Dr. VanLeeuwen began treating Binder in 1997, but gave Dr. VanLeeuwen's opinion little weight because the record showed that he only began seeing Binder regularly in 2014—after the relevant time period.  The ALJ noted that "[a]lthough Dr. VanLeeuwen has treated the claimant since 1997, the record only documents his regular treatment of the claimant in 2014."  (Tr. 24).  Further, the ALJ noted that the record as a whole showed that Binder's psychological symptoms improved; the ALJ found that "[a]lthough Dr. VanLeeuwen attributed the restrictions he espoused for the claimant to symptoms of depression stemming from the claimant's back pain, such findings do not comport with the longitudinal treatment history, which illustrates that the claimant's psychological impairments improved with medication."  (Tr. 24-25).  This conclusion is supported by the treatment notes from the relevant time period.  *See generally* (Tr. 678-754, 884-915, 1767-1899, 1904-17, 1918-39, 1940-2082, 2141-51).

Just like the ALJ's discussion of the weight given the FCE, *see supra*, here the ALJ "fully satisfied agency procedural requirements by providing good reasons" for the weight he gave Dr. VanLeeuwen's opinion.  *Allen*, 561 F.3d at 649-51.  The ALJ's finding was reasonable in light of the record; the ALJ's finding that Binder was not disabled by his impairments prior to November 2014 is supported by the record as a whole.  Binder has failed to demonstrate that the ALJ's opinion was erroneous or not supported by substantial evidence.  Accordingly, remand is improper.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 9) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 11) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 27th day of November, 2018.

Signed By:
David L. Bunning
United States District Judge

L:\DATA\SocialSecurity\MOOs\Covington\18-16 Binder MOO.docx